McCALEB, Justice
(dissenting in part).
I think that the judge committed reversible error in that he unduly curtailed the cross-examination of the accomplice, Gallagher, by counsel for the defendant. It appears from the per curiam of the judge that, after Gallagher had testified that the officers (questioning him in regard to the theft and disposal of the battery) told him that “if he would come clean and tell all it would be easier on him” he (the judge) interrogated the witness as to whether any improper inducements had been offered by the officers and that, when the witness answered in the negative, he “felt that that was as far as the defendant was entitled to *362 go on the cross-examination of this witness with regard to these facts”.
I believe that to cut off the right of an accused to cross-examine an accomplice as to the details of a conversation had with police officers, which brought about his confession and the charge against the accused, was highly prejudicial and tends to deprive him of a fair and impartial trial. I, of course, agree with the majority that the trial judge is vested with sound discretion in the conduct of a criminal trial and may restrict cross-examination within legitimate bounds. However, it is equally well settled that great latitude is to be allowed in cross-examining an accomplice upon whose testimony the verdict may depend. See 58 Am.Jur. Verbo “Witnesses”, Section 655, page 362 and Annotation 74 A.L.R. 1157 and cases there cited. Indeed, in State v. Ritz, 65 Mont. 180, 211 P. 298, 301, the court, in discussing the accepted rule of liberality to be allowed in cross-examination of an accomplice supported by the text writers and decisions, observes:
“A less liberal rule would be calcu-' lated to place the defendant, to some extent, at least, at the mercy of a witness who may have compelling reasons for desiring his conviction.”
Tn the instant case, it seems very clear to -me that the Judge abused his discretion.
I concur in the m.ajority opinion in all ■ other respects but believe that a new trial ■should be granted for the reason above r-stated.